IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHAWN MICHAEL SUMMERS,

         Plaintiff,

v.                          CIVIL ACTION NO.  2:20-cv-00134

SOUTH CENTRAL REGIONAL JAIL,

         Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) Before this Court are the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3) and the Complaint (ECF No. 1) filed by Plaintiff Shawn Michael Summers ("Plaintiff"). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's Application (ECF No. 3) be **DENIED** and that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because it seeks monetary relief against a defendant that is immune from such relief.

### I.    BACKGROUND

Plaintiff purports to bring a wrongful incarceration claim against Defendant South Central Regional Jail ("SCRJ"), asserting that on April 30, 2019, he was incarcerated on state charges, but at his preliminary hearing on May 9, 2019, the "state didn't have enough

evidence to proceed." (ECF No. 1 at 4.) He alleges, however, that he was not released from custody, so he submitted an inquiry on May 15, 2019, and received a response on May 21, 2019, informing him that he "was still held on charges." (*Id.*) Plaintiff avers that he then contacted his lawyer, who contacted the state court for him, and he was finally released from SCRJ custody on May 24, 2019. (*Id.*) He seeks monetary damages for mental anguish and pain and suffering "for the dates from 5/9/19 to 5/24/19." (*Id.* at 5.)

## II. LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). This Court must also "dismiss the case at any time if . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

This Court conducts a similar screening process when, as in this case, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This screening requires this Court to dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

When reviewing the complaint for failure to state a claim under either statute, this Court applies the same standards that it applies to review a motion to dismiss filed

pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)); *De'Lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (citing *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

To the extent Plaintiff seeks to bring his wrongful incarceration claim against SCRJ pursuant to 42 U.S.C. § 1983, SCRJ is not an entity that can be sued under that statute. SCRJ "is a building which is one of several custodial and penal institutions administered

3

by . . . the State of West Virginia." *George v. Kanawha Cty. Sheriff's Dep't*, No. 2:08-cv-00141, 2009 WL 367517, at *1 (S.D.W. Va. Feb. 3, 2009) (proposed findings and recommendation of magistrate judge). But a § 1983 claim can be brought only against "a person acting under color of state law," and "neither a State, including its agencies, nor its officials acting in their official capacities, are 'persons' under § 1983." *Sharp v. Vincens*, No. 2:18-cv-01057, 2018 WL 5020066, at *2 (S.D.W. Va. Sept. 21, 2018) (citing *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)), *adopted by* 2018 WL 5018472 (S.D.W. Va. Oct. 16, 2018). Therefore, SCRJ is not a proper defendant for Plaintiff's § 1983 claim.

To the extent Plaintiff instead seeks to bring his wrongful incarceration claim against SCRJ under state law, SCRJ is entitled to Eleventh Amendment immunity from suit. Absent limited exceptions that do not apply to this case, "the Eleventh Amendment of the United States Constitution bars suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury." *Sharp*, 2018 WL 5020066, at *2 (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). Plaintiff requests only money damages from SCRJ, so it is immune from liability in this action.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's Application (ECF No. 3) be **DENIED** and that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because it seeks monetary relief against a defendant that is immune from such relief.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby

4

**FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER: September 24, 2021

Dwane L. Tinsley
United States Magistrate Judge